PER CURIAM.
This appeal is from an order dismissing a complaint for declaratory and injunctive relief in an action brought by appellant Pioneer Security Corporation against the ap-pellee City' of Sweetwater.
The complaint alleged in pertinent part that ordinance number 1367, section 12-5 of the City of Sweetwater Code is invalid in that it purports to regulate the color of uniforms worn by private security agents operating in the City of Sweetwater. It further alleged that Pioneer’s security agents have been operating in Sweetwater for 13 years and have worn blue uniforms during this entire time. It is the City’s contention that the uniforms of Pioneer Security’s agents are similar in color to those worn by the police officers of the City. It was for this reason that the ordinance was enacted. Pursuant to this ordinance, the City caused several arrests of Pioneer Security’s agents. This action followed.
On appeal appellant contends primarily that the ordinance is invalid and that as a result of the City’s promulgation and enforcement of the ordinance, appellant is in doubt as to its rights and duties thereunder and that there is a need for a declaration by the Circuit Court as to whether the City has authority to enact such an ordinance.
After a hearing, the Circuit Court entered its order of dismissal. In its order the court stated:
THIS CAUSE having come on to be heard before me .upon the Motion to Dismiss Complaint for Declaratory and In- *512 junctive Relief, filed on behalf of the City of Sweetwater, and the Court having heard the arguments of counsel and having accepted the factual allegations contained in the said complaint as being true and being otherwise fully advised in the premises:
THE COURT FINDS that there is not (sic) justifiable controversy between the parties and that the City of Sweetwater pursuant to the Home Rule provisions of the Florida Constitution, of 1968, contained in Article VIII, Section 2 and Section (6)(f) and the Home Rule Powers Act, Chapter 166 of the Florida Statutes, has been granted the authority to enact the ordinance which is the subject of this litigation.
THE COURT FURTHER FINDS that nothing contained in the ordinance challenged by the Plaintiff in the instant case, is in conflict with Chapter 493 of the Florida Statutes and that the subject ordinance of the City of Sweetwater is a proper regulatory measure within the police power of the municipality.
THE COURT FURTHER FINDS that the commercial activities of the Plaintiff are not entitled to protection under the First Amendment to the United States Constitution.
THE COURT FURTHER FINDS that nothing contained in the ordinance challenged by the Plaintiff in the instant case, is in conflict with Article III Section 2 of the Constitution of the State of Florida.
THE COURT FURTHER FINDS that nothing contained in the ordinance challenged by the Plaintiff in the instant case, is in conflict with Article I, Section 4 of the Constitution of the State of Florida or the First, Fifth or Fourteenth Amendments to the United States Constitution.
IT IS THEREUPON ORDERED AND ADJUDGED that the Plaintiffs complaint for declaratory and injunctive relief be and the same is hereby dismissed and the Plaintiff shall have ten (10) days in which to file an amended complaint, after the expiration of which this order shall become a Final order without further action of this Court.
We have carefully considered appellant’s points on appeal, the record, briefs and arguments of counsel, and have concluded that the trial court was correct in entering the order dismissing the complaint. No reversible error having been demonstrated, the order appealed is affirmed.
Affirmed.